**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY GERTSEN, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-1779** |
| **Plaintiffs** | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **FIRST HORIZON HOME LOAN CORP., et al.,** | : | |
| **Defendants** | : | |

-------------------------------------------------------------------------

| | |
|---|---|
| **FIRST HORIZON HOME LOAN CORP. t/d/b/a MNC MORTGAGE,** | : |
| **Plaintiff** | : |
| v. | : |
| **GARY L. SWEITZER ENTERPRISES, INC., et al.,** | : |
| **Defendants** | : |

-------------------------------------------------------------------------

| | |
|---|---|
| **FRANCIS A. DUNLOP, et al.,** | : |
| **Plaintiffs** | : |
| v. | : |
| **FIRST HORIZON HOME LOAN d/b/a FT MORTGAGE d/b/a MNC MORTGAGE, et al.,** | : |
| **Defendants** | : |

**CASE MANAGEMENT ORDER**

AND NOW, this 1st day of June, 2005, upon consideration of the pleadings in the above-captioned cases, which have been consolidated for all purposes, and

after case management conferences involving counsel for the parties, and the court finding that the following pre-trial schedule is reasonably necessary to further the convenience of parties and witnesses and the interests of justice, see FED. R. CIV. P. 26(f), it is hereby ORDERED pursuant to Federal Rule of Civil Procedure 16 that:

1. The pre-trial schedule in the above-captioned case shall be as follows:

    a. Discovery shall be conducted and completed in two phases.

        i. Phase I of discovery shall commence on **May 31, 2005**, and shall be completed on or before **August 22, 2005**.

            A. Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made on or before **June 17, 2005**.

            B. Discovery during Phase I shall be limited to matters relating to the legal bases of the claims of the complaint, the parties' respective roles in the transactions underlying the claims, the identity of third-parties allegedly involved in the transactions underlying the claims, and the damages for which each defendant is allegedly liable.

            C. Discovery during Phase I shall be conducted only by written interrogatories and requests for production of documents or things.

    D. Defendants Gary L. Sweitzer, Louis Fierro, Brian Hoch, or Michael Sedor shall not be required to make initial disclosures or to respond to requests for discovery until fourteen (14) days after the entry of judgment of sentence in the criminal case of <u>United States v. Sweitzer</u>, No. 1:03-CR-0087 (M.D. Pa. May 12, 2005) (Rambo, J.).[1]

  ii. Phase II of discovery shall commence and shall be completed on dates to be scheduled by future order of court.

 b. Motions for amendment of pleadings and joinder of parties shall be filed on or before **August 24, 2005**.

  i. Briefs in opposition to the motions shall be filed within fifteen (15) days after service of the motions. No further briefs shall be filed without leave of court.

  ii. Failure to file a motion for amendment of pleading and joinder of parties will be construed as a request for voluntary dismissal of claims against unidentified parties in the original pleadings and will result in the dropping of those parties.

 c. The parties shall file a joint report on the propriety of mediation, or other alternative dispute resolution process, on or before **September 19, 2005**.

  i. The report shall identify the parties that are agreeable to mediation, or other alternative dispute resolution process.

---

[1] This provision does not prevent other parties from serving requests for discovery on these defendants prior to the entry of judgment of sentence, but merely extends the period in which these defendants must respond to those requests. Responses will be due from these defendants within *the later of* thirty days after service of the request or fourteen days after the entry of judgment of sentence. See FED. R. CIV. P. 26(b)(2), (c), 33(b), 34(b).

        ii.      The court shall, in its discretion, refer the above-captioned case to mediation following the filing of the report and, if appropriate, a conference with the parties.

    d.      The parties shall file a proposed revised case management plan or a report on the status of mediation, or other alternative dispute resolution process, on or before **October 31, 2005**.

2. Counsel shall not mutually agree to enlarge any periods covered by this order, the Local Rules, or the Federal Rules of Civil Procedure without the approval of the court.

    a. Requests for enlargements of the periods covered by this order will not be granted except under exceptional circumstances.

    b. Requests for enlargements of discovery deadlines shall be made at least fifteen (15) days prior to the expiration of the discovery period.

3. In the event that discovery disputes arise and are not resolved after counsel attempt in good faith to do so, the matter shall be brought before the court by way of a telephone conference rather than through the filing of formal motions.

4. This order supersedes all previous case management orders in the above-captioned cases.

                                                      S/ Christopher C. Conner  
                                                  CHRISTOPHER C. CONNER  
                                                  United States District Judge