# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY GERTSEN, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-1779** |
| **Plaintiffs** | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **FIRST HORIZON HOME LOAN CORP., et al.,** | : | |
| **Defendants** | : | |

-----------------------------------------------------------------------------

| | |
|---|---|
| **FIRST HORIZON HOME LOAN CORP. t/d/b/a MNC MORTGAGE,** | : |
| **Plaintiff** | : |
| v. | : |
| **GARY L. SWEITZER ENTERPRISES, INC., et al.,** | : |
| **Defendants** | : |

-----------------------------------------------------------------------------

| | |
|---|---|
| **FRANCIS A. DUNLOP, et al.,** | : |
| **Plaintiffs** | : |
| v. | : |
| **FIRST HORIZON HOME LOAN d/b/a FT MORTGAGE d/b/a MNC MORTGAGE, et al.,** | : |
| **Defendants** | : |

## **ORDER**

AND NOW, this 13th day of July, 2005, upon consideration of the motions for summary judgment (Docs. 63, 84, 87; see also Doc. 165) of defendants Aarow

Mortgage Group, Coastal Capital Corporation, and Option One Mortgage Corporation with respect to the claims in the amended complaint (Doc. 4) under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") for deceptive trade practices, see PA. STAT. ANN. tit. 73, § 201-2(4)(xxi), and Pennsylvania common law for negligent misrepresentation, see Gibbs v. Ernst, 647 A.2d 882, 890 (Pa. 1994) (citing RESTATEMENT (SECOND) OF TORTS § 552 (1977)), and it appearing that genuine issues of material fact remain extant regarding (i) the relationships among moving defendants and individuals who procured or performed allegedly inflated appraisals of plaintiffs' properties, (ii) moving defendants' knowledge of the falsity of those appraisals and of plaintiffs' likely reliance on those appraisals, and (iii) plaintiffs' justification for their reliance on the appraisals, precluding the entry of summary judgment in favor of moving defendants,[1] see FED. R. CIV. P. 56(c), but it further appearing that plaintiffs do not oppose dismissal of the claims in the amended complaint (Doc. 4) against defendant Aarow Mortgage Group by plaintiffs Luz Muniz and Marcus Muniz (see Doc. 202 at 2 n.1) or the claims in the amended complaint (Doc. 4) against

---

[1] Nevertheless, the court would be remiss if it did not note the lack of evidentiary support for these claims. Indeed, evidence submitted by moving defendants strongly suggests that they did not approve of the appraisals and that plaintiffs were expressly warned *not* to rely upon the representations therein. See, e.g., Tran v. Metro. Life Ins. Co., 408 F.3d 130, 140-41 (3d Cir. 2005) (holding that justifiable reliance is an element of claims under the UTPCPL). However, it is not possible to state with certainty at this stage of the proceedings—before discovery has commenced—that plaintiffs will not be able to unearth evidence in support of their position (see, e.g., Doc. 215 ¶ 2), and prudence dictates that the motions for summary judgment be denied to allow for the development of a fuller factual record. See FED. R. CIV. P. 56(f).

defendant Option One Mortgage Corporation by all plaintiffs except Fred Belton, Holly Belton, James Griffith, Shelva Griffith, Lloyd Young, and Linda Young (see Doc. 185 at 7-8; Doc. 205 ¶ 1; see also Doc. 165 at 3 n.3), see FED. R. CIV. P. 41(a)(2), it is hereby ORDERED that:

1. The motions for summary judgment (Docs. 63, 84, 87) are DENIED without prejudice. See FED. R. CIV. P. 56(c), (f).

2. The claims in the amended complaint (Doc. 4) against defendant Aarow Mortgage Group by plaintiffs Luz Muniz and Marcus Muniz and against defendant Option One Mortgage Corporation by all plaintiffs except Fred Belton, Holly Belton, James Griffith, Shelva Griffith, Lloyd Young, and Linda Young are DISMISSED. See FED. R. CIV. P. 41(a)(2).

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge