**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY GERTSEN, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-1779** |
| **Plaintiffs** | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **FIRST HORIZON HOME LOAN CORP., et al.,** | : | |
| **Defendants** | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **FIRST HORIZON HOME LOAN CORP. t/d/b/a MNC MORTGAGE,** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **GARY L. SWEITZER ENTERPRISES, INC., et al.,** | : | |
| **Defendants** | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **FRANCIS A. DUNLOP, et al.,** | : | |
| **Plaintiffs** | : | |
| v. | : | |
| **FIRST HORIZON HOME LOAN d/b/a FT MORTGAGE d/b/a MNC MORTGAGE, et al.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court in this consolidated action is a motion of First

Horizon Home Loan Corp., doing business as MNC Mortgage and FT Mortgage

(collectively "First Horizon"), for summary judgment in its favor with respect to the claims of ten plaintiffs[1] who allege that First Horizon conspired with real estate developers, appraisers, and brokers to inflate property values and to approve false appraisals in order to dupe plaintiffs into buying homes beyond their financial means.  First Horizon argues that several of these plaintiffs released their claims through independent agreements and that others relinquished their claims in bankruptcy proceedings.  The court agrees.[2]

There is no dispute that nine of the plaintiffs[3] executed agreements that facially release First Horizon from liability on the claims asserted in this case.[4]  The agreements were prepared by First Horizon and offered a mutual release of claims associated with the underlying loan transactions, in addition to free reappraisals of plaintiffs' properties and a reduction of their loan balances and interest rates.  The draft agreements were sent to the plaintiffs in September 2002, accompanied by a letter advising the plaintiffs that they should contact representatives of First

---

[1] Jose Albino, Tammy Albino, Andrew Black, Chad Boyd, Rebecca Boyd, Brook Comer, Gwendolyn Comer, Leonard W. Miller, Roger Pallone, and Debra Pallone.

[2] In accordance with the standard of review for a motion for summary judgment, the following discussion is premised on a view of the facts in the light most favorable to the plaintiffs.  See, e.g., Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004).

[3] Jose Albino, Tammy Albino, Chad Boyd, Rebecca Boyd, Brook Comer, Gwendolyn Comer, Leonard W. Miller, Roger Pallone, and Debra Pallone.

[4] None of the parties dispute that Pennsylvania law governs interpretation of the validity and scope of the release.  See, e.g., G.R. Sponaugle & Sons, Inc. v. Hunt Constr. Group, Inc., 366 F. Supp. 2d 236, 242-43 (M.D. Pa. 2004).

Horizon with any questions and that the offer would remain open until October 1, 2002. Several of the plaintiffs requested and received extensions of the time in which to accept the offer, and two of them secured the assistance of counsel to review the document and negotiate new terms. All nine of the plaintiffs executed the agreements by February 2003.[5]

The plaintiffs' challenge to the enforceability of the agreements, on grounds of lack of consideration, fraud in the inducement, unconscionability, duress, and unclean hands, is without merit. The agreements offered a *mutual* release of claims by and against the parties, and, because all of the parties engaged in potentially actionable conduct, the mutual releases constituted valid consideration for both contracting parties.[6] First Horizon did not misrepresent a material fact or breach a duty to disclose a material fact regarding the underlying loan transactions but, to the contrary, admitted in the draft agreement that the appraisals "may not have been performed properly" and had been the subject of inquiries by the Office of Housing and Urban Development,[7] thus defeating any assertion of fraud in the

---

[5] (See Doc. 181, Attachs. 2-3; Doc. 199 ¶¶ 1-15; Doc. 207 ¶¶ 1-15; Doc. 207, Exs. A-E).

[6] See, e.g., Maynard v. Durham & S. Ry. Co., 365 U.S. 160, 163 (1961); Thomas v. Thomas, Flexible Coupling Co., 46 A.2d 212, 216 (Pa. 1946); In re Ratony's Estate, 277 A.2d 791, 793-94 (Pa. 1971); Greene v. Oliver Realty, Inc., 526 A.2d 1192, 1195 (Pa. Super. Ct. 1987); Gen. Mills, Inc. v. Snavely, 199 A.2d 540, 543 (Pa. Super. Ct. 1964); RESTATEMENT (SECOND) OF CONTRACTS §§ 71, 74, 79 (1981).

[7] (See, e.g., Doc. 89, Ex. 2).

inducement.[8]  The agreements were not clearly unfavorable to the plaintiffs; indeed, the plaintiffs were offered—and two took advantage of—an opportunity to negotiate over their provisions, meaning that the agreements cannot be deemed unconscionable[9] or the product of duress.[10]  And, finally, because there is insufficient evidence that First Horizon engaged in fraudulent or deceitful conduct related to the subject matter of the agreements, the doctrine of "unclean hands" does not bar enforcement of the releases.[11]  The agreements are valid and preclude the claims asserted by the plaintiffs.

Also without merit is the argument of three of the plaintiffs,[12] all of whom filed for bankruptcy after the transactions at issue, that they did not effectively

---

[8] See, e.g., In re Allegheny Int'l, Inc., 954 F.2d 167, 178-80 (3d Cir. 1992); Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick, 587 A.2d 1346, 1351 (Pa. 1991); William Goldstein Co. v. Joseph J. & Reynold H. Greenberg, Inc., 42 A.2d 551, 555 (Pa. 1945); Fed. Land Bank v. Fetner, 410 A.2d 344, 348 (1979); RESTATEMENT (SECOND) OF CONTRACTS §§ 159-161 (1981).

[9] See, e.g., Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999); Witmer v. Exxon, 434 A.2d 1222, 1228 (Pa. 1981); Todd Heller, Inc., v. United Parcel Serv., Inc., 754 A.2d 689, 700-01 (Pa. Super. Ct. 2000); RESTATEMENT (SECOND) OF CONTRACTS § 178 (1981).

[10] See, e.g., Degenhardt v. Dillon Co., 669 A.2d 946, 951-52 (Pa. 1996); Strickland v. Univ. of Scranton, 700 A.2d 979, 986 (Pa. Super. Ct. 1997); RESTATEMENT (SECOND) OF CONTRACTS §§ 174-177 (1981).

[11] See, e.g., Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 809-10 (1945); S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 377 n.7 (3d Cir. 1992); In re Estate of Pedrick, 482 A.2d 215, 222 (Pa. 1984); Goebel Brewing Co. v. Esslingers, Inc., 95 A.2d 523 (Pa. 1953); Mudd v. Nosker Lumber, Inc., 662 A.2d 660, 663-64 (Pa. Super. Ct. 1995).

[12] Andrew Black, Chad Boyd, and Rebecca Boyd.

relinquish their claims to the bankruptcy estate. It is undisputed that the factual and legal predicates for these claims arose before the plaintiffs filed their petitions for bankruptcy;[13] therefore, upon filing of the petitions, the claims became part of the bankruptcy estates.[14] That the plaintiffs did not recognize the existence of the claims when they filed for bankruptcy may provide a basis for tolling the applicable statute of limitations, but it does not change the date on which the claims accrued—"as soon as the right to institute and maintain a suit arises"[15]—or the fact that they were merged into the bankruptcy estates with the filing of the petitions.[16] These causes of action remain in the control of the bankruptcy trustees.[17] Because the trustees are not participating and have not otherwise acquiesced in this lawsuit, these claims cannot proceed.

---

[13] (See Doc. 207, Exs. A, F; Doc. 210 at 23; Doc. 226 at 12-14; see also Doc. 4; Doc. 181, Attachs. 4-5).

[14] See 11 U.S.C. § 541(a)(1); Anderson v. Acme Mkts., Inc., 287 B.R. 624, 628-29 (E.D. Pa. 2002); see also United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983); In re Ozark Rest. Equip. Co., 816 F.2d 1222, 1225 (8th Cir. 1987); 5 ALAN N. RESNICK ET AL., COLLIER ON BANKRUPTCY ¶¶ 541.02, 541.08 (15th ed. 1991).

[15] See Fine v. Checcio, 870 A.2d 850, 857-58 (Pa. 2005); Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983), quoted in Beauty Time, Inc. v. Vu Skin Sys., Inc., 118 F.3d 140, 143-44 (3d Cir. 1997); see also 42 PA. CONS. STAT. § 5502(a).

[16] See, e.g., In re Alzarez, 224 F.3d 1273, 1276 n.7 (11th Cir. 2000); In re Swift, 129 F.3d 792, 795-801 (5th Cir. 1997); Calabrese v. McHugh, 170 F. Supp. 2d 243, 257-58 (D. Conn. 2001); ALAN N. RESNICK ET AL., supra note 14, ¶¶ 541.02, 541.08.

[17] See 11 U.S.C. § 554(c); see also Anderson, 287 B.R. at 629; ALAN N. RESNICK ET AL., supra note 14, ¶ 554.02.

An appropriate order will issue.

                                                          S/ Christopher C. Conner
                                                          CHRISTOPHER C. CONNER
                                                          United States District Judge

Dated:       July 13, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY GERTSEN, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-1779** |
| **Plaintiffs** | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **FIRST HORIZON HOME LOAN CORP., et al.,** | : | |
| **Defendants** | : | |

-------------------------------------------------------------------------

| | |
|---|---|
| **FIRST HORIZON HOME LOAN CORP. t/d/b/a MNC MORTGAGE,** | : |
| **Plaintiff** | : |
| v. | : |
| **GARY L. SWEITZER ENTERPRISES, INC., et al.,** | : |
| **Defendants** | : |

-------------------------------------------------------------------------

| | |
|---|---|
| **FRANCIS A. DUNLOP, et al.,** | : |
| **Plaintiffs** | : |
| v. | : |
| **FIRST HORIZON HOME LOAN d/b/a FT MORTGAGE d/b/a MNC MORTGAGE, et al.,** | : |
| **Defendants** | : |

## **ORDER**

AND NOW, this 13th day of July, 2005, upon consideration of the motion for summary judgment (Docs. 79, 181; see also Doc. 165) of First Horizon Home Loan

Corp., doing business as MNC Mortgage and FT Mortgage, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Docs. 79, 181) is GRANTED.

2. Summary judgment is GRANTED in favor of First Horizon Home Loan Corp., doing business as MNC Mortgage and FT Mortgage, with respect to the claims in the amended complaint (Doc. 4) of Jose Albino, Tammy Albino, Andrew Black, Chad Boyd, Rebecca Boyd, Brook Comer, Gwendolyn Comer, Leonard W. Miller, Roger Pallone, and Debra Pallone.

3. The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

                                                S/ Christopher C. Conner  
                                                CHRISTOPHER C. CONNER  
                                                United States District Judge