**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY GERTSEN, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-1779** |
| **Plaintiffs** | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **FIRST HORIZON HOME LOAN CORP., et al.,** | : | |
| **Defendants** | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **FIRST HORIZON HOME LOAN CORP. t/d/b/a MNC MORTGAGE,** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **GARY L. SWEITZER ENTERPRISES, INC., et al.,** | : | |
| **Defendants** | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **FRANCIS A. DUNLOP, et al.,** | : | |
| **Plaintiffs** | : | |
| v. | : | |
| **FIRST HORIZON HOME LOAN d/b/a FT MORTGAGE d/b/a MNC MORTGAGE, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 21st day of July, 2005, upon consideration of the motion of

First Horizon Home Loan Corp., doing business as MNC Mortgage and FT

Mortgage (collectively "First Horizon"), to dismiss the claims of six plaintiffs[1] on the ground that the plaintiffs relinquished these claims in bankruptcy proceedings, and it appearing that the factual and legal predicates for these claims arose before the plaintiffs filed their petitions for bankruptcy (see Doc. 244; see also Doc. 4), that upon filing of the petitions these claims became part of the bankruptcy estates,[2] see 11 U.S.C. § 541(a)(1); Anderson v. Acme Mkts., Inc., 287 B.R. 624, 628-29 (E.D. Pa. 2002); see also United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983); In re Ozark Rest. Equip. Co., 816 F.2d 1222, 1225 (8th Cir. 1987); 5 ALAN N. RESNICK ET AL., COLLIER ON BANKRUPTCY ¶¶ 541.02, 541.08 (15th ed. 1991), and that these causes of action remain in the control of the bankruptcy trustees, which are not participating and have not otherwise acquiesced in this lawsuit, see 11 U.S.C. § 554(c); see also Anderson, 287 B.R. at 629; RESNICK ET AL., supra, ¶ 554.02, it is hereby ORDERED that:

    1.    The motion to dismiss (Doc. 229) is GRANTED.[3]

---

[1] Francis Arnold, Stephanie Arnold, Brandi Sneddon, Daniel Sneddon, Amy Wintermyer, and Ryan Wintermyer.

[2] That the plaintiffs did not recognize the existence of these claims when they filed for bankruptcy may provide a basis for tolling the applicable statute of limitations, but it does not change the date on which the claims accrued—"as soon as the right to institute and maintain a suit arises," see Fine v. Checcio, 870 A.2d 850, 857-58 (Pa. 2005); Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983), quoted in Beauty Time, Inc. v. Vu Skin Sys., Inc., 118 F.3d 140, 143-44 (3d Cir. 1997); see also 42 PA. CONS. STAT. § 5502(a)—or the fact that they were merged into the bankruptcy estates with the filing of the petitions, see, e.g., In re Alzarez , 224 F.3d 1273, 1276 n.7 (11th Cir. 2000); In re Swift, 129 F.3d 792, 795-801 (5th Cir. 1997); Calabrese v. McHugh, 170 F. Supp. 2d 243, 257-58 (D. Conn. 2001); 5 ALAN N. RESNICK ET AL., COLLIER ON BANKRUPTCY ¶¶ 541.02, 541.08 (15th ed. 1991).

[3] A similar motion by First Horizon, challenging the standing of several other plaintiffs to bring claims relinquished in bankruptcy proceedings, was

2. The claims of Francis Arnold, Stephanie Arnold, Brandi Sneddon, Daniel Sneddon, Amy Wintermyer, and Ryan Wintermyer (see Doc. 227) against First Horizon Home Loan Corp., doing business as MNC Mortgage and FT Mortgage, are DISMISSED without prejudice.

3. Leave to amend is DENIED as futile.  See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

granted by prior order of court.  (Doc. 255).  As with respect to those plaintiffs, the plaintiffs aggrieved by this decision may, in their discretion, seek to re-open the bankruptcy proceedings and request that the trustees abandon the claims or allow them to pursue the claims in this case.  See, e.g., 11 U.S.C. §§ 350(b), 541.  The plaintiffs may then ask for reconsideration of this order.  See L.R. 1.3, 7.10; see also Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005); FED. R. CIV. P. 60(b).