IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIRST HORIZON HOME LOAN CORP. t/d/b/a MNC MORTGAGE,** : | |
| Plaintiff : | |
| v. : | |
| **GARY L. SWEITZER ENTERPRISES, INC., et al.,** : | |
| Defendants : | |

-------------------------------------------------------------------

| | |
|---|---|
| **GARY GERTSEN, et al.,** : | CIVIL ACTION NO. 1:04-CV-1779 |
| Plaintiffs : | (CONSOLIDATED) |
| v. : | (Judge Conner) |
| **FIRST HORIZON HOME LOAN CORP., et al.,** : | |
| Defendants : | |

-------------------------------------------------------------------

| | |
|---|---|
| **FRANCIS A. DUNLOP, et al.,** : | |
| Plaintiffs : | |
| v. : | |
| **FIRST HORIZON HOME LOAN d/b/a FT MORTGAGE d/b/a MNC MORTGAGE, et al.,** : | |
| Defendants : | |

## CONSENT PROTECTIVE ORDER

Plaintiffs Gary Gertsen et al. ("Plaintiffs") and defendants First Horizon Home Loan Corporation d/b/a MNC Mortgage and FT Mortgage d/b/a MNC (collectively, "First Horizon"), having stipulated that a Protective Order should be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to maintain the confidentiality of certain information and materials to

be exchanged between the parties, and it appearing to the Court that such a Protective Order is necessary and appropriate and that it will facilitate discovery;

IT IS THEREFORE ORDERED that:

1. <u>Designation of "CONFIDENTIAL MATERIALS."</u> Each party may identify discovery materials produced by it, including initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, and deposition exhibits, and all or portions of deposition or hearing transcripts, as "CONFIDENTIAL MATERIALS" by affixing thereto the legend:

CONFIDENTIAL MATERIALS         OR         CONFIDENTIAL
(Subject to Protective Order)

A party may designate discovery materials as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" to the extent that the party, through counsel, believes such discovery materials are confidential because they include: confidential business or technical information; trade secrets; proprietary business methods or practices; personal information, including personal financial information about First Horizon customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history; and any other competitively sensitive confidential information.

2. <u>Definition of "CONFIDENTIAL MATERIALS."</u> "CONFIDENTIAL MATERIALS" shall be those items designated under paragraph 1 and any notes, work papers, or other documents containing "CONFIDENTIAL MATERIALS" from such items.

3. <u>Certification of Confidentiality.</u> Affixing the legend "CONFIDENTIAL," "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL MATERIALS (Subject to Protective Order)" to discovery materials produced by the party constitutes a certificate by the party that it has read the discovery material and that to the best of its knowledge, information and belief, formed after reasonable inquiry, the discovery material is confidential under the definition of "CONFIDENTIAL

MATERIALS" and that the confidentiality designation has not been interposed for any improper purpose such as to harass, cause unnecessary delay, and/or needlessly increase the cost of litigation.

4. <u>Definition of Litigation</u>. As used herein, Litigation shall mean the above captioned proceedings only.

5. <u>Limitations on Disclosure of "CONFIDENTIAL MATERIALS."</u> Discovery Materials designated "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" shall be maintained in confidence by the party to whom such materials are produced or given, shall not be used for any business, commercial, competitive, personal or other purpose, shall be used only for the Litigation (and not for other present or future cases or disputes), and shall not be disclosed to any person except the following qualified recipients:

    a. The Court and its officers;

    b. Counsel of record and employees of counsel of record;

    c. In-house counsel;

    d. The parties to this Consent Protective Order;

    e. Outside consultants and experts retained by counsel or the parties to assist in this Litigation, provided that each such third party has been provided a copy of the Consent Protective Order and has signed a receipt acknowledging the receipt of the Order;

    f. Other persons, provided that (1) the producing party has consented in writing to disclosure to such other person, and (2) such other person has been provided a copy of this Consent Protective Order and has signed a receipt acknowledging the receipt of the Order;

    g. Deponents in depositions in this Litigation, provided any "CONFIDENTIAL MATERIALS" shall be subject to the provisions of paragraphs 12 through 14; and

  h. Any copy services or other service providers engaged by counsel or the parties to assist in this Litigation, provided that each such third party has been provided a copy of the Consent Protective Order and has signed a receipt acknowledging the receipt of the Order.

6. <u>Notice of Disclosure</u>. All persons to whom "CONFIDENTIAL MATERIALS" are provided shall be subject to this Order and shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this Litigation, and shall not disclose such information to any other person except in accordance with paragraph 5.

7. <u>Retention of Receipts</u>. Counsel to whom "CONFIDENTIAL MATERIALS" are disclosed shall keep in their files the originals of the signed receipts required by the Protective Order.

8. <u>Limitation of Disclosure</u>. "CONFIDENTIAL MATERIALS," or copies thereof, bearing the identification specified in paragraph 1 or portions, summaries, or abstracts thereof, shall not be made public by the party to whom they are disclosed, unless such "CONFIDENTIAL MATERIALS," or copies thereof, become a part of the public record of this Litigation.

9. <u>Challenge to Designation</u>. This Consent Protective Order is without prejudice to the right of any party to contest a designation of "CONFIDENTIAL MATERIALS" as inappropriate. In the event a party receiving "CONFIDENTIAL MATERIALS" believes that certain material has been improperly so designated, it may communicate that fact to counsel for the producing party identifying the material at issue in writing within thirty (30) days after the production of the material or its designation as confidential, whichever comes later. If a party communicates a challenge to a designation of "Confidential Materials" within the applicable time period, counsel for the producing party will then have thirty (30) business days from the date of any such notice to submit the challenged materials to the Court, along with a motion seeking to adjudicate the confidentiality of the materials at issue. The parties may jointly agree to extend the time for filing such a motion, if they believe doing so will avoid the potentially unnecessary expenditure

of resources by the Court. The challenging party then has twenty (20) business days from the date of the filing of the motion by the producing party to submit a memorandum to the Court objecting to the designation of the materials at issue as "CONFIDENTIAL MATERIALS." All materials at issue shall be treated as Confidential until the Court rules otherwise. Nothing in this Protective Order shall shift the burden of proof on this motion from the party asserting that the material is confidential.

10.   Supplemental Orders. This Protective Order shall not foreclose any party from moving the Court for an order relieving the party of the effect of the Order or from applying to the Court for further or additional protective orders. In addition, the parties may agree among themselves to modification of this Protective Order, subject to the approval of the Court.

11.   Return of "CONFIDENTIAL MATERIALS." Within thirty (30) days after the final termination of this Litigation, including any appeals, each counsel shall either return all "CONFIDENTIAL MATERIALS" in his possession, custody, or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party, or shall certify destruction thereof.

12.   Use of "CONFIDENTIAL MATERIALS" at Depositions. If counsel for any party believes that a question put to a witness being examined in pretrial deposition will disclose "CONFIDENTIAL MATERIALS," or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such "CONFIDENTIAL MATERIALS," such counsel shall have the option to so notify requesting counsel and insist that the deposition shall be taken in the presence only of counsel, supporting personnel identified in paragraph 5, parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order. Failure to invoke this right shall not destroy, infringe or erode the confidential nature of such information.

13.   Designation of Transcripts of Depositions. Transcripts of depositions shall be treated as "CONFIDENTIAL MATERIAL," provided that within thirty (30) business days after

counsel for the party requesting such treatment of any deposition has received a copy of the transcript of the deposition, requesting counsel shall designate to other counsel those portions of the transcript regarded as containing "CONFIDENTIAL MATERIAL," and only those portions so designated shall thereafter be treated as "CONFIDENTIAL MATERIAL."

14. <u>Use of Transcripts of Depositions</u>. Transcripts of any deposition taken by any party that is designated in whole or in part as containing "CONFIDENTIAL MATERIALS" shall be prepared for and furnished by the court reporter only to outside counsel for the parties, who may then provide copies only to the persons identified in paragraph 5.

15. <u>No Modification of Privileges</u>. Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, trade secret or other confidential research, development, or commercial information, or other applicable privileges.

16. <u>File Under Seal</u>. In the event that any "CONFIDENTIAL MATERIALS," or the contents thereof, are in any way disclosed in any pleading, deposition, transcript, or other papers filed with the Court, pre-trial, the confidential information shall be filed under seal by the filing party (consistent with the Court's electronic filing system) and kept under seal by the Clerk of this Court until further orders of this Court; provided, however, that a complete copy of the sealed documents shall be furnished to the Court and to outside counsel for the parties, and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible.

17. <u>Inadvertent Disclosure of Privileged Documents</u>. Inadvertent production of documents otherwise subject to the attorney-client privilege, opinion work product immunity, or other applicable privilege shall not automatically constitute a waiver of any privilege or immunity. Upon notification that a document or other discovery material has been inadvertently produced and that a claim of attorney-client privilege, opinion work product or other privilege will be made with regard to such document or other discovery material, the party receiving such notice shall refrain from utilizing said document or discovery in any manner or form including

6

specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever, pending a ruling on a motion seeking the return of the document or discovery material. A party seeking such protection shall file a motion with the Court within fourteen (14) days measured from the date of the refusal by the receiving party to return such document or discovery material. A hearing shall thereafter be conducted as soon as an available court date is obtained.

18. <u>Inadvertent Disclosure of "CONFIDENTIAL MATERIALS."</u> If a party or any of its representatives, including but not limited to its counsel, outside consultants, and experts, inadvertently discloses any information or documents designated as "CONFIDENTIAL MATERIALS" pursuant to this Order to persons who are not authorized to use or possess such "CONFIDENTIAL MATERIALS," the party shall provide immediate written notice of the disclosure to the party whose "CONFIDENTIAL MATERIALS" were inadvertently disclosed. Similarly, in the event a party has actual knowledge that "CONFIDENTIAL MATERIALS" are being used or possessed by a person not authorized to use or possess "CONFIDENTIAL MATERIALS" pursuant to this Order, regardless of how the "CONFIDENTIAL MATERIALS" were disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose "CONFIDENTIAL MATERIALS" are being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

19. <u>Notice of Court Subpoena or Order.</u> If another court or administrative agency subpoenas or orders production of information or documents designated confidential which a party has obtained under the terms of this Order, such party shall promptly notify the attorneys of record of the party or other person who designated the information or documents as confidential of the pendency of such subpoena or order, and shall furnish those attorneys of record with a copy of said subpoena or order.

20. <u>Agreements and Local State and Federal Laws Regarding "CONFIDENTIAL MATERIALS."</u> No party may be deemed to violate any federal, state or local laws or agreements

7

governing the disclosure of confidential, personal or proprietary information by producing any such information in this Litigation, and compliance with this Order and governing discovery rules shall provide complete immunity to the producing party from any claim of violation of law or breach of contract (or related claims).

21.   Material and Information Otherwise Obtained. Nothing in this Order shall apply to documents, information, material, or any portion thereof obtained by any party by means other than production by the other party in the discovery process in the above captioned proceeding and/or made public in the prosecution or defense of this Litigation.

22.   No Waiver of Rights. Nothing in this Protective Order shall be deemed a waiver of any of the parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

23.   Effect on Scope of Discovery. Nothing in this Protective Order shall in any way limit the permissible scope of discovery in this Litigation.

24.   Third Parties. A third party responding to a subpoena or other process in connection with this proceeding can obtain the protections afforded by this Protective Order by stating in writing that it has reviewed the Protective Order and agrees to be bound by its terms.

IT IS SO ORDERED:

This the 8TH day of August, 2005.

HON. CHRISTOPHER C. CONNER
UNITED STATES DISTRICT COURT JUDGE

AGREED AS TO SUBSTANCE AND FORM:

| | |
|---|---|
| GARY GERTSEN ET AL. | FIRST HORIZON HOME LOAN D/B/A MNC MORTGAGE AND FT MORTGAGE |
| By their attorneys, | By their attorneys, |
| WILLIAMS & CUKER | KLETT ROONEY LIEBER & SCHORLING, PC |
| /s/<br>Mark R. Cuker<br>WILLIAMS & CUKER<br>One Penn Center and Suburban Station<br>1617 JFK Blvd., Suite 800<br>Philadelphia, PA 19103-2030<br>(215) | /s/<br>Allen C. Warshaw<br>KLETT ROONEY LIEBER & SCHORLING, PC<br>240 North Third Street, Suite 700<br>Harrisburg, PA 17101<br>(717) 231-7700 |
| Samuel Merovitz<br>MEROVITZ & CEDAR, LLP.<br>1234 Market Street, Suite 2040<br>Philadelphia, PA 19107 | Thomas M. Hefferon (*pro hac vice*)<br>Joseph F. Yenouskas (*pro hac vice*)<br>Woo S. Lee (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>901 New York Ave., NW<br>Washington DC 20001<br>(202) 346-4000 |
| David B. Banks<br>BANKS & BANKS<br>3038 Church Rd.<br>Lafayette Hill, PA 19444 | |
| Seth R. Lesser<br>LOCKS LAW FIRM<br>110 East 55th Street, 12th Fl.<br>New York, NY 10022 | |